# MILLER, LEIBY & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

32 Broadway, 13th Floor • New York, NY 10004
Tel 212.227.4200 • Fax 212.504.8369 • MillerLeiby.com

July 2, 2025

**By ECF**
The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, New York 10007

    Re:   *McLean Gordon v. Equitas Capital Group, LLC et al.*, **24 Civ. 06789 (ALC) (VF); Defendants' Request For a Pre-Motion Conference**

Your Honor:

The undersigned, on behalf of defendants Equitas Capital Group, LLC ("Equitas") and Alex Leykind (collectively "defendants"), submits this letter motion to request a pre-motion conference, pursuant to Rule 37.2 of the Local Rules of the Southern District of New York and pursuant to Fed. R. Civ. P. 26(c), as well as pursuant this Court's inherent authority, for the purpose of quashing a third-party subpoena issued by plaintiff in violation of Fed. R. Civ. P. 26(d)(1).

Defendants, by letter motion, dated May 9, 2025 (Dkt. No. 27), requested a pre-motion conference on a motion to stay discovery pending the motion to dismiss currently *sub judice*. Plaintiff, by letter, dated May 16, 2025 (Dkt. No. 30), has asserted his opposition and that he seeks discovery. Your Honor, by order dated June 26, 2025 (Dkt. No. 33), directed that a conference be held on August 27, 2025, on the issues raised by those letters.

On that same day, on June 26, 2025, plaintiff gave defendants notice of a third-party subpoena that apparently was served on third-party Ponce Bank. By e-mails, on June 26, 2025, and on June 30, 2025, defendants requested that plaintiff withdraw the subpoena and requested, upon plaintiff's refusal, to meet and confer.

The parties met and conferred, by telephone, on July 2, 2025, at 11:32 a.m., for approximately 18 minutes. The conference was held between J.R. Skrabanek for plaintiff and David Lewittes for defendants. The undersigned informed plaintiff's counsel that it is defendants' position that no conference was held as required by Fed. R. Civ. P. 26(f); consequently, pursuant to Fed. R. Civ. P. 26(d)(1), no discovery is permitted. Specifically, plaintiff's counsel never informed defendants' counsel prior to having a call, on April 24, 2025, that plaintiff's purpose was a Rule 26(f) conference; the undersigned agreed to speak with Mr. Skrabanek, during that April 2025 call, about the discovery issues that plaintiff's counsel then wished to discuss but only expressly subject to a motion by defendants for a stay of discovery, which Mr. Skrabanek never did not dispute; the undersigned indicated, at the end of that April

**MILLER, LEIBY & ASSOCIATES, P.C.**
ATTORNEYS AT LAW

Page - 2 -

call, that there still were unresolved issues, if a discovery plan were to be formulated; and no discovery plan ever was submitted to the Court.

The undersigned, during the July 2, 2025, call, also pointed out that the third-party subpoena is over-broad and would want to limit the scope of the subpoena if and when discovery were to proceed.

Mr. Skrabanek's position, on the July 2, 2025, telephonic conference, was that a Rule 26(f) conference was held. He, however, did state that defendants in fact did not agree to submit to a discovery plan to the Court.

Mr. Skrabanek did state that he might be willing to pare back the scope of the requests made in the third-party subpoena.

The parties agreed that they were at an impasse with respect to whether the subpoena is a violation of Fed. R. Civ. P. 26(d)(1). The undersigned informed Mr. Skrabanek that, in light of the substance of the conversation, defendants would be requesting a conference with the Court limited to the issue of whether the subpoena is in violation of Rule 26(d)(1). If and when discovery proceeds, the undersigned informed Mr. Skrabanek, defendants would like to discuss limiting the scope of the subpoena, to which plaintiff's counsel expressed a willingness.

Accordingly, defendants now request a conference with the Court on a motion for a protective order, pursuant to Fed. R. Civ. P. 26(c) and this Court's inherent authority, quashing plaintiff's third-party subpoena as a violation of Fed. R. Civ. P. 26(d)(1).

Plaintiff's third-party subpoena is in violation of Fed. R. Civ. P. 26(d)(1), which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." *See also GBML LLC v. M2B Investors, Ltd.*, 2022 WL 3566549 at *4 (E.D.N.Y. August 18, 2022). By the plain language of Rule 26(d)(1), the prohibition on discovery prior to a Rule 26(f) conference includes a third-party subpoena. *Grecia v. Brass Lion Entertainment, Inc.*, 2025 WL 784912 at *1 (S.D.N.Y. March 12, 2025); *Desilva v. North Shore-Long Island Jewish Health System Inc.*, 2010 WL 3119629 at *1 (E.D.N.Y. August 9, 2010). While plaintiff's position is that there had been a Rule 26(f) conference, there was no such conference "as required by" that rule. *See* Fed. R. Civ. P. 26(d)(1). Because there was no Fed R. Civ. P. 26(f) conference, as required by that rule, the subpoena must be quashed.

First, as set forth in defendants' May 9, 2025, letter motion, seeking a stay of discovery (Dkt. No. 27), for which, by this Court's June 26, 2025, order (Dkt. No. 33), there will be a conference on August 27, 2025,

> [t]he parties, at the request of plaintiff's counsel, held a telephonic conference on April 24, 2025. *Plaintiff's <u>purpose</u> for that conference was to reach agreements, in accordance with Fed. R. Civ. P. 26(f)(3), governing discovery plans*. I informed plaintiff's counsel that I was willing to have such discussion but that it expressly was subject to defendants' seeking a stay of discovery, pursuant to Fed. R. Civ. P. 26(c),

**MILLER, LEIBY & ASSOCIATES, P.C.**
ATTORNEYS AT LAW

Page - 3 -

pending a determination of the pending motion to dismiss, which defendants very well might seek

(emphasis added) and which defendants did seek on May 9, 2025. Those assertions were never refuted by plaintiff's counsel. *See* plaintiff's May 16, 2025, response. (Dkt. No. 30).

Most significantly, plaintiff does not dispute that a discovery plan was never submitted to this Court, which is the very purpose and which is <u>required</u> by Fed. R. Civ. P. 26(f). *See Williams v. City of New York*, 2021 WL 12320650 at *1 (S.D.N.Y. September 14, 2021) (a requirement of Fed. R. Civ. P. 26(f) is "that the parties submit a written proposed discovery plan"); *Barrett v. Forest Laboratories, Inc.*, 2015 WL 4111827 at *3 (S.D.N.Y. July 8, 2015) (Fed. R. Civ. P. 26(f) provides "that the parties will meet on their own as soon as practicable after a case begins *to hash out a proposed discovery plan*") (emphasis supplied); *Dunkin' Donuts Franchised Restaurants LLC v. Grand Central Donuts, Inc.,* 2009 WL 1750348 at *4 (S.D.N.Y. June 19, 2009) ("Rule 26(f) requires the parties to formulate a discovery plan"); *Aguilar v. Immigration and Customs Enforcement Div. of U.S. Dept. of Homeland Sec.*, 255 F.R.D. 350, 358 (S.D.N.Y. 2008) ("Rule 26(f) requires that the parties meet and confer to develop a discovery plan"); *OMG Fidelity, Inc. v. Sirius Technologies, Inc.*, 239 F.R.D. 300, 302 (N.D.N.Y. 2006) (Rule 26(f) "*requires parties to an action to confer at an early stage in the litigation* in order to discuss various subjects identified in the rule including, importantly, discovery, and *to develop a proposed discovery plan for submission to the court*") (emphasis added). *See also Your Honor's* Individual Practices in Civil Cases, II(a) ("parties must meet and confer on a discovery plan").

Plaintiff concedes that no discovery plan was submitted to the Court, a core requirement of Rule 26(f). Accordingly, because "[a] party may not seek discovery from any source before the parties have conferred *as required* by Rule 26(f)," Fed. R. Civ. P. 26(d)(2) (emphasis added), plaintiff's third-party subpoena is in violation of Fed. R. Civ. P. 26(d)(1) and must be quashed.

Respectfully submitted,
**Miller, Leiby & Associates, P.C.**

By:   s/ *David Lewittes*
David Lewittes, Esq.
*Attorneys for Defendants*
*Equitas Capital Group, LLC, and*
*Alex Leykind*
dlewittes@millerleiby.com

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: 7/7/2025

The issues raised herein will be addressed at the conference scheduled for August 27, 2025. Plaintiff should respond to Defendants' letter at ECF No. 34 by August 22, 2025.